made with Jackson & Co., the scows were duly furnished to them. The charges for their use were made against Jackson & Co. on the books of the Sheridan & Shea Company. The bills were sent to Jackson & Co., and efforts made to collect from them. Jackson's foreman stated to Sheridan that "his work was for the government, down at Patchogue"; that it was for that he wanted the scows. Subsequently Sheridan had a conversation with Kaufman Simon in which he told him he had made a contract with Jackson & Co., and asked him about their standing, to which he (Simon) replied that they were perfectly responsible, and also told him (Sheridan) the nature of the work at Patchogue. This certainly falls far short of proof of a supplying to Simon of labor or materials in the prosecution of the work, and counsel for the plaintiff in error wholly fails to indicate upon what theory he contends that defendant is responsible. The only suggestion contained in the brief is that the circuit judge erred in holding that "furnishing scows to move materials to be used on the contract was not supplying labor or furnishing materials, within the meaning of the bond." Careful examination of the record, however, fails to disclose any such holding. Judgment affirmed.

---

In re WOLF.

(District Court, N. D. Iowa, Cedar Rapids Division. December 11, 1899.)

BANKRUPTCY—LANDLORD'S LIEN—WAIVER.

Under the laws of Iowa, as construed by its courts, a landlord who takes from his tenant a mortgage on the personalty used or kept on the demised premises, covering not only arrears of rent, but also other debts, such as for money loaned, for personal services, and the like, is deemed to have waived his statutory lien on such property for rent due, and he will not be entitled to enforce such a lien against the property in the hands of the tenant's trustee in bankruptcy.

In Bankruptcy. On review of decision of referee in bankruptcy.

Deacon & Good, for trustee in bankruptcy.
Charles W. Kepler, for claimant.

SHIRAS, District Judge. Under the provisions of the Code of Iowa, a landlord is entitled to a lien for rent due upon personal property used or kept on the leased premises. In construing these provisions of the Code, the state supreme court has repeatedly held that if the landlord takes a mortgage on the property as a security for rent and other indebtedness, and so mingles or confuses the several claims that, if payments be made, it would be impossible to determine whether the payments were properly applicable to the rent or not, such action is deemed to be a waiver of the statutory lien. Smith v. Dayton, 94 Iowa, 102, 62 N. W. 650; Ladner v. Balsley, 103 Iowa, 679, 72 N. W. 787. The finding of the referee shows that in this case a note for $800 was executed and secured by a mortgage; it being intended by the parties that this note should include all the indebtedness due from the bankrupt to the creditor, including rental, money loaned, services rendered, and the like. The facts

bring the case within the rule laid down by the supreme court of Iowa in the cases above cited, and the ruling of the referee that the claimant is not entitled to a landlord's lien is affirmed.

## In re COHN.

(District Court, S. D. New York. December 9, 1899.)

**1. BANKRUPTCY—SUMMARY JURISDICTION—RIGHTS OF ADVERSE CLAIMANT.**

Where a trustee in bankruptcy claims, as assets of the estate, property which is in the actual possession of a third person, who asserts his own title thereto in opposition to the bankrupt and the trustee, the rights of such adverse claimant cannot be adjudicated in a summary manner in the bankruptcy proceeding, but only in a plenary suit brought against him by the trustee.

**2. SAME.**

Where a trustee in bankruptcy claimed that the bankrupt was the real owner of a business which had been carried on for several years in the name of the bankrupt's daughter, but the latter was in the actual possession and management of the business, and claimed it as her own, *held*, that her rights could not be determined summarily in the bankruptcy proceeding; that she could not be treated as a defendant in that proceeding; that the trustee had no authority to collect outstanding accounts of the business, and would be stayed from so doing; and that books of account relating to the business, which were produced by the daughter on her examination as a witness in the bankruptcy proceedings, and impounded by the referee, must be restored to her.

In Bankruptcy. On review of decision of referee in bankruptcy.

Roger M. Sherman, for witness.

Thomas D. Adams and James Murphy, for trustee in bankruptcy.

BROWN, District Judge. Upon the voluminous evidence submitted, I think the proceedings against the witness Lena Williamson, a daughter of the bankrupt, have exceeded the proper limits. She was called as a witness by the creditors, and was examined in their behalf. The evidence leaves no doubt that the business which the creditors claim to have been the business of the bankrupt, was carried on in the daughter's name for two or three years before the bankruptcy proceedings; that the business was claimed by the witness as her own; that the only bank account used in the business was her own genuine bank account, in which receipts of the business were deposited and on which checks in payment of its obligations were drawn. She was, therefore, in the position of a third person not only claiming title, but in possession of the business, as much as its intangible nature was capable of being in possession. If there was any fraud as between her and her mother, so that her title could be avoided in favor of the trustee, that could only be inquired into and adjudged in a plenary suit brought against her by the trustee. Her rights could not be adjudicated in a summary manner by the referee in the bankruptcy proceeding. Smith v. Mason, 14 Wall. 419, 20 L. Ed. 748; Marshall v. Knox, 16 Wall. 551, 21 L. Ed. 481. For the same reason she could not be treated as a defendant in the proceeding before the referee. The books which have been im-